UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

A MARTINEZ OWENS                                                          **PLAINTIFF**

v.                                           CIVIL ACTION NO. 5:23-CV-P127-JHM

STEVEN WILLIAMS                                                 **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff A Martinez Owens filed the instant *pro se* 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is an inmate at the Fulton County Detention Center (FCDC). He sues FCDC Jailer Steven Williams in his official capacity only.

Plaintiff states that he was booked into FCDC on June 22, 2023, and attempted to make a collect call from his cell. The phone call was "denied" and every time he attempted to make a call the automated system stated that his identification was not valid. He reports that he told staff members that he was unable to make calls and "put in General Request/'Grievance[.]" He states, "Daily, for over two months, I addressed the fact I could not make phone calls to my two young daughters nor my other loved ones." Plaintiff asserts that on August 30, 2023, he "was brought a 'new social' associated with my booking info. Although this social allows me to make phone calls; it is not even my own social security number. It is someone elses." Plaintiff alleges a violation of the First Amendment.

As relief, Plaintiff seeks punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-capacity claim

Plaintiff sues Defendant in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant is actually brought against his employer, Fulton County.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality

under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff's allegations pertain only to himself. He does not allege that any constitutional violation occurred pursuant to a policy or custom of Fulton County, rather than oversight or inadvertence on the part of FCDC staff. Accordingly, Plaintiff's official-capacity claim against Defendant must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claim*

While Plaintiff sues Defendant in his official capacity only, even if he had sued Defendant in his individual capacity, the claim would fail. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

To the extent Plaintiff seeks to hold Defendant liable based on his supervisory authority as jailer, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff makes no allegations of personal involvement in the alleged events by Defendant. Therefore, an individual-capacity claim against Defendant would be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, while prisoners have a right to "reasonable" access to the telephone, *see Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), the limitation on Plaintiff's access to the phone "did not completely deprive him of access to the outside world." *See Middlebrook v. Perttu*, No. 2:23-cv-215, 2023 U.S. Dist. LEXIS 210937, at *10-11 (W.D. Mich. Nov. 28, 2023) (finding that over three-month denial of access to telephone did not violate inmate's First Amendment rights); *Miles v. Scanlon*, No. 1:21-cv-74, 2021 U.S. Dist. LEXIS 86556, at *12 (W.D. Mich. May 6, 2021) (noting that inmates "do not have a constitutional right to a particular form of communication"). Plaintiff does not allege that he was unable to communicate with his family

through mail or visits during the alleged two-month period when he was denied access to make telephone calls. Therefore, Plaintiff's claim under the First Amendment must be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:

*(signature)*
JOSEPH H. MCKINLEY, JR.
SENIOR U.S. DISTRICT JUDGE

cc:   Plaintiff, *pro se*
4414.010